UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

JOSHUA FOX, individually,

    Plaintiff,

v.

ALLIANCE ONE RECEIVABLES
MANAGEMENT, INC., a foreign corporation,

    Defendant.

_____ /

## COMPLAINT FOR VIOLATIONS OF THE FDCPA AND TCPA
### JURY DEMAND

1.    Plaintiff JOSHUA FOX alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Plaintiff alleges that Defendant ALLIANCE ONE RECEIVABLES MANAGEMENT, INC., repeatedly and unlawfully placed calls to Plaintiff's cellular telephone in an attempt to collect an alleged debt belonging to someone other than Plaintiff.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendant does business in this District.

## PARTIES

3. Plaintiff, JOSHUA FOX, is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

4. Defendant, ALLIANCE ONE RECEIVABLES MANAGEMENT, INC., is a foreign corporation with its principal place of business located at 4850 E Street Road, Suite 300, Trevose, PA, 19053.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of consumer debts.

6. Defendant regularly collects or attempts to collect debts for itself and other parties; it is a "debt collector" as that term is defined in the FDCPA.

7. At all times material to the allegations of this complaint, Defendants were acting as debt collectors with respect to the collection of an alleged debt by an individual named "Maria Espejo."

## FACTUAL ALLEGATIONS

8. The instant lawsuit stems from the telephonic collection efforts of Defendant during the time period beginning on or about July 2012, to present date.

9. During the subject time period, Defendant used an automatic telephone dialing system to place multiple calls to Plaintiff's cellular telephone number, XXX-XXX-5211 (the "5211 Number"), seeking to collect a debt belonging to another individual by the name of "Maria Espejo."

10. At all times relevant herein, Plaintiff was the registered subscriber of the "5211" Number and maintained dominion and control over the said cellular telephone.

11. On not less than three (3) occasions, Plaintiff answered the 5211 Number when Defendant called. On each occasion Plaintiff clearly, completely and unequivocally informed Defendant that he did not know "Maria Espejo", and asked Defendant not to call him again.

12. Each time Plaintiff answered one of Defendant's calls, he was met with "dead-air" until such time as one of Defendant's debt collection representatives picked up the line and asked to speak with Maria Espejo.

13. Upon information and belief, "dead-air" silence, followed by the clicking sound of a representative picking up the line is characteristic of the use of an automatic telephone dialing system.

14. Plaintiff maintains that Defendant's attempts to collect an alleged debt, including but not limited to the repeated telephone calls, were unlawful as Defendant did not have Plaintiff's "prior express consent" to call his cellular telephone using an auto-dialer.

15. Plaintiff did not give anyone else authority to act on his behalf with respect to consent to call Plaintiff's cellular telephone. In fact no person,

authorized or otherwise, ever gave Defendant consent to call Plaintiff's cellular telephone with an auto-dialer.

16. Upon information and belief, prior to this action, Defendant has been sued for other violations of the TCPA and is aware of the existence of the Act.

17. Despite its familiarity with the TCPA, Defendant either willfully or knowingly violated the TCPA in placing calls to the Plaintiff's cellular telephone.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

18. Plaintiff incorporates paragraphs 1 through 17.

19. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system and not legally permitted under any provision of the aforementioned statute.

WHEREFORE, Plaintiff JOSHUA FOX requests that the Court enter judgment in favor of Plaintiff and against Defendant ALLIANCE ONE RECEIVABLES MANAGEMENT, INC. for:

a. $500 dollars in statutory damages for each violation of the TCPA held not to be a knowing or willful violation;

b. $1500 dollars in statutory damages for each violation of the TCPA held to be a knowing or willful violation;

    c.    A permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone by use of an automatic telephone dialing system;

    d.    A declaratory judgment that Defendant has violated Plaintiff's rights under the TCPA;

    e.    Attorney's fees, litigation expenses and costs of the instant suit, and:

    f.    Such other or further relief as the Court deems proper.

## COUNT II
## TELEPHONIC HARRASSMENT IN VIOLATION OF 15 U.S.c. § 1692d

20.  Plaintiff incorporates Paragraphs 1 through 17.

21.  Defendant called plaintiff's cellular telephone using an auto-dialer and without the prior express consent of the Plaintiff.  Furthermore, Defendant refused to honor Plaintiff request to cease communications.  These actions were not only in violation of the TCPA but further violated Plaintiff's rights pursuant to 15 U.S.C. §§ 1692d and 1692d(5).  *See* 15 U.S.C. § 1692b; *Clark v. Weltman, Weinberg & Reis, Co.*, L.P.A., 2010 WL 2803975, at *2 (S.D. Fla. July 15, 2010) (stating that allegations which support a cause of action under the TCPA may also support a violation of the FDCPA).

    WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Statutory Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## EXCESSIVE COMMUNICATION WITH A PERSON OTHER THAN THE CONSUMER IN VIOLATION OF 15 U.S.C. § 1692b(3)

22. Plaintiff incorporates Paragraphs 1 through 17.

23. Defendant called Plaintiff on repeated occasions seeking someone other than Plaintiff and did so without any reason to believe that the earlier information provided by Plaintiff was erroneous or incomplete and that Plaintiff had information as to Maria Espejo's location information. These actions were in violation of 15 U.S.C. § 1692b(3). *See Annis v. Eastern Asset Management , LLC,* No. 08-CV-458S (WDNY, March 16, 2010) (§ 1692b(3) limits a debt collector's contact with individuals other than the consumer to one contact, except for certain circumstances.)

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Statutory Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: November 23, 2012

                            Respectfully submitted,

                            SCOTT D. OWENS, ESQ.
                            *Attorney for Plaintiff*
                            664 E. Hallandale Beach Blvd.
                            Hallandale, FL 33009
                            Tel    954-589-0588
                            Fax   954-337-0666
                            scott@scottdowens.com

           By:    */s/ Scott D. Owens*
                            Scott D. Owens, Esq.
                            Florida Bar No. 0597651